FILED
JUN 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,                )
                                         )   Civil Action No. 06-620 (PLF)
       Plaintiff,                        )   ECF
                                         )
       v.                                )
                                         )
4815 43RD ST. N.W.,                      )
WASHINGTON, DC 20016,                    )
                                         )
       Defendant.                        )
_____)

AGREED ORDER RECOGNIZING VALID LIEN OF
BRANCH BANKING & TRUST COMPANY
IN DEFENDANT REAL PROPERTY

    This matter came before the Court on the request of the parties, the United States of America (the "Government") and Branch Banking & Trust Company ("BB&T"), seeking entry of this Agreed Order Recognizing the Valid Lien of BB&T in the subject defendant real property, 4815 43RD ST. N.W., WASHINGTON, DC 20016 (the "Real Property"). Finding the request reasonable and appropriate, and finding that cause exists, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

    1.    The Government recognizes that BB&T has a valid secured lien in the Real Property.

    2.    In the event that the Government successfully forfeits the Real Property, the Government will first deduct its expenses from the sale proceeds and then pay any valid first-priority lien holders, and next pay BB&T, from the remaining funds from the sale.

    3.    BB&T has priority over the Government's, but

subordinate to another claimant's, interests with respect to the net sale proceeds. Therefore, the principal, interest, and any other costs, charges, and fees due and owing to BB&T pursuant to the applicable loan documents relating to the Real Property will be paid from the net sale proceeds after payments are made to the other claimant.

4. The Clerk is directed to forward a copy of this Order as entered to counsel of record at the addresses indicated below.

ENTER:     /           /2007

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

_/S/_____
Jordan M. Spivok (DC Bar #65243)
450 Montgomery Avenue, Ste. 1125
North Lobby Two
Bethesda, Maryland 20814
Phone: (301) 469-3602
Counsel for BB&T

_/s/_____
William R. Cowden (DC Bar #426301)
United States Department of Justice
United States Attorney's Office
District of Columbia
555 4th Street N.W.
Washington, DC 20530
Phone: (202) 307-0258
Fax: (703) 299-3981
Counsel for the Government

```
                                               FILED

             UNITED STATES DISTRICT COURT      JUN 27 2007
                DISTRICT OF COLUMBIA
                                           NANCY MAYER WHITTINGTON, CLERK
                                               U.S. DISTRICT COURT
```

UNITED STATES OF AMERICA,        )
                                 )   Civil Action No. 06-620 (PLF)
       Plaintiff,        )   ECF
                                 )
      v.                        )
                                 )
4815 43RD ST. N.W.,              )
WASHINGTON, DC 20016,            )
                                 )
       Defendant.        )
_____)

### AGREED ORDER RECOGNIZING VALID LIEN OF RESIDENTIAL FUNDING COMPANY, LLC IN DEFENDANT REAL PROPERTY

This matter came before the Court on the request of the parties, the United States of America (the "Government") and Residential Funding Company, LLC ("RFC"), seeking entry of this Agreed Order recognizing the valid lien of RFC in the subject defendant real property, 4815 43RD ST. N.W., WASHINGTON, DC 20016 (the "Real Property"). Finding the request reasonable and appropriate, and finding that cause exists, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

    1. The Government recognizes that RFC has a valid secured lien in the Real Property and RFC consents to entry of an Order of Forfeiture in favor of the Government.

    2. In the event that the Government successfully forfeits and sells the Real Property, the Government will first deduct its expenses from the sale proceeds and then pay those pre-existing valid lienholders who filed verified claims in this case, including RFC, from the remaining funds from the sale.

3. RFC has priority over the Government's, and the sole other claimant's interests with respect to the net sale proceeds. Therefore, the principal, interest, and other applicable costs, charges, and fees due and owing to RFC pursuant to the applicable loan documents relating to the Real Property, including reasonable attorney's fees incurred by RFC in accordance with its deed of trust, will be paid from the net sale proceeds.

4. The payment to RFC shall be made in full settlement and satisfaction of any and all claims by RFC to the Real Property and all claims resulting from incidents or circumstances giving rise to this action.

5. Upon payment as described above, RFC agrees to assign and convey its security interest to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, its servants and employees, its heirs, successors or assigns from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims and/or demands whatsoever in law or in equity which RFC may have in the future in connection with any action, civil or criminal, involving the Real Property that is subject to this litigation.

6. If the Government has not secured a contract for sale

of the Real Property within six months of its listing of the Real Property for sale (with an additional two months thereafter to complete the sale and tender pay-off funds), RFC may institute foreclosure proceedings against the Real Property.

7.  RFC understands that the Government reserves the right to void this Agreed Order if, before payment of the lien, the Government obtains new information indicating that the lienholder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.  RFC further understands and agrees that the government reserves the right to terminate or set aside the forfeiture action at any time for legal reasons or economic reasons.  If the Government exercises its rights under this paragraph, ownership rights to the Real Property will revert to the status at which they were prior to entry of this Agreed Order.  In either event, the Government shall promptly notify the lienholder of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.

8.  RFC and its undersigned counsel waive any and all claims of rights that they, either individually or together, have or may have pursuant to 18 U.S.C. § 2414 (the Equal Access to Justice Act), or any other applicable statute, for attorneys' fees or other costs involving the Real Property, arising out of the criminal investigation and/or the instant forfeiture action.

9.  Except as indicated in paragraph 3, each party agrees

to bear its own costs and attorneys' fees associated with the making of this Agreed Order.

10. The Clerk is directed to forward a copy of this Order as entered to counsel of record at the addresses indicated below.

ENTER:        /            /2007

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

_/S/_____
Jeffrey B. Fischer (DC Bar #212308)
Martin S. Goldberg (DC Bar #460159)
9440 Pennsylvania Avenue, Ste. 350
Upper Marlboro, Maryland 20772
Phone: (301) 599-7700
Fax: (301) 599-2100
Counsel for RFC


_/s/_____
William R. Cowden (DC Bar #426301)
United States Department of Justice
United States Attorney's Office
District of Columbia
555 4th Street N.W.
Washington, DC 20530
Phone: (202) 307-0258
Fax: (703) 299-3981
Counsel for the Government

-4-